**Haji Md Ustar ALI, Petitioner,**

v.

**Alberto R. GONZALES, Respondent.**

No. 06–3756–ag.

United States Court of Appeals, Second Circuit.

May 17, 2007.

Amy N. Gell, Gell & Gell, New York, N.Y., for Petitioner.

Peter D. Keisler, Assistant Attorney General, James E. Grimes, Senior Litigation Counsel, William C. Minick, Trial Attorney, Office of Immigration Litigation, Washington, D.C., for Respondent.

PRESENT: Hon. CHESTER J. STRAUB, Hon. ROBERT A. KATZMANN, and Hon. RICHARD C. WESLEY, Circuit Judges.

## SUMMARY ORDER

Haji Md Ustar Ali, a native and citizen of Bangladesh, seeks review of a July 13, 2006, order of the BIA affirming the December 8, 2004, decision of Immigration Judge ("IJ") Sandy Hom denying his claims for asylum, withholding of removal and relief under the Convention Against Torture ("CAT"). *In Re Haji Md Ustar Ali,* No. A 96 423 791 (B.I.A. Jul. 13, 2006), *aff'g* No. A 96 423 791 (Immig. Ct. N.Y. City Dec. 8, 2004). We assume the parties' familiarity with the underlying facts and procedural history of the case.

■ As an initial matter, Ali has failed to raise his CAT claim in his brief to this Court. Issues not sufficiently argued in the briefs are considered waived and normally will not be addressed on appeal. *Yueqing Zhang v. Gonzales,* 426 F.3d 540, 546 n. 7 (2d Cir.2005). Therefore, Ali's CAT claim is deemed waived.

When the IJ's decision rests on multiple alternate grounds and the BIA adopts and affirms that decision without expressly addressing each of the grounds, we may review the entire IJ decision and need not confine our review to the grounds expressly addressed by the BIA. *Ming Xia Chen v. BIA,* 435 F.3d 141, 144 (2d Cir.2006). We review the agency's factual findings under the substantial evidence standard, treating them as "conclusive unless any reasonable adjudicator would be compelled to conclude to the contrary." 8 U.S.C. § 1252(b)(4)(B); *see, e.g., Zhou Yun Zhang v. INS,* 386 F.3d 66, 73 & n. 7 (2d Cir.2004). However, we will vacate and remand for new findings if the agency's reasoning or its fact-finding process was sufficiently flawed. *See Cao He Lin v. U.S. Dep't of Justice,* 428 F.3d 391, 401 (2d Cir.2005). We review *de novo* questions of law, including what quantum of evidence will suffice to discharge an applicant's burden of proof. *See, e.g., Islami v. Gonzales,* 412 F.3d 391, 396 (2d Cir.2005); *Secaida–Rosales v. INS,* 331 F.3d 297, 307 (2d Cir.2003).

Title 8, Section 1158(a)(3) of the United States Code provides that no court shall have jurisdiction to review the agency's finding that an asylum application was untimely under 8 U.S.C. § 1158(a)(2)(B), or its finding that an applicant failed to show either changed or extraordinary circumstances excusing the untimeliness under 8 U.S.C. § 1158(a)(2)(D). *See* 8 U.S.C. § 1158(a)(3).[1] Nevertheless, this Court retains jurisdiction to review constitutional claims and "questions of law." 8 U.S.C. § 1252(a)(2)(D). "Questions of law" include any issue traditionally reviewed by courts in habeas petitions challenging executive detentions. *See Xiao Ji Chen v. U.S. Dep't of Justice,* 471 F.3d 315, 326–27 (2d Cir.2006).

■ Ali is correct that the IJ appears to have conflated two separate categories of exceptions to the time bar in his description of the relevant law. There was no legal error in the IJ's subsequent analysis, though, as he considered the exceptions independently. There being no material error of law, "we cannot disturb the IJ's

---

1. The failure to file an application for asylum within one year of entry to the United States does not foreclose consideration of that application if the applicant demonstrates, "to the satisfaction of the Attorney General either the existence of changed circumstances which materially affect the applicant's eligibility for asylum or extraordinary circumstances relating to the delay in filing" the application. 8 U.S.C. § 1158(a)(2)(B). The regulations further provide that "changed circumstances" include "[c]hanges in conditions in the applicant's country of nationality...." 8 C.F.R. § 1208.4(a)(4).

conclusion that [Ali] was not entitled to file past the one-year deadline because of changed or extraordinary circumstances." *Joaquin–Porras v. Gonzales,* 435 F.3d 172, 180 (2d Cir.2006). Furthermore, because that determination is dispositive of Ali's asylum claim, we deny the petition with respect to this claim without passing on his other asylum-specific arguments.

■ Turning to Ali's request for withholding of removal, we conclude that the IJ reasonably found that Ali failed to establish that he was persecuted in the past. The record does not compel the conclusion that the events described by Ali, even considered in the aggregate, amount to persecution. *See Poradisova v. Gonzales,* 420 F.3d 70, 79–80 (2d Cir.2005) (explaining that the IJ must view events cumulatively, rather than addressing the severity of each event in isolation, when determining whether applicant has suffered past persecution).

Nevertheless, an applicant who has not shown that he has suffered past persecution may still qualify for withholding of removal if he can show "that it is more likely than not" that he "would be persecuted" on the basis of a statutory ground. 8 C.F.R. § 208.16(b)(2); *see Ivanishvili v. U.S. Dep't of Justice,* 433 F.3d 332, 339 (2d Cir.2006). Regulations further provide that an applicant shall not be required to demonstrate that he would be individually singled out for persecution if he demonstrates both a pattern or practice of persecution of a group of persons similarly situated to him on a protected ground in his country of nationality, and his inclusion in, and identification with, such group of persons such that it is more than likely that his life or freedom would be threatened upon his return to that country. *See* 8 C.F.R. § 208.16(b)(2)(i) & (ii).

■ While our review of the factual determinations of an IJ is deferential, we "require some indication that the IJ considered material evidence supporting a petitioner's claim." *Poradisova,* 420 F.3d at 77. Moreover, "[i]nadequate analysis or failure to consider important evidence" is "not excused by the fact that a hypothetical adjudicator, applying the law correctly, might also have denied the petition for asylum." *Id.* (internal quotation marks omitted). In this case, the IJ failed to consider a letter that was sent to Ali's wife by an Islamist group, threatening to "kill [her] family and destroy [her] homestead by blasting bomb." This letter provided material support for Ali's claim for withhold of removal, as it indicates an awareness by the author of the letter that Ali was "a supporter of Ahmedia Muslim Jamat," and accuses Ali's wife and children of "entering fully in the wrong way of life which is really dangerous for Islam as well as Muslim." The letter is not the kind of evidence that is "too insignificant to merit discussion," and the IJ therefore had an obligation to consider it. *See Jin Shui Qiu v. Ashcroft,* 329 F.3d 140, 149 (2d Cir.2003).

■ "Where the immigration court fails to consider important evidence supporting a petitioner's claim, we are deprived of the ability adequately to review the claim and must vacate the decision and remand for further proceedings." *Yan Chen v. Gonzales,* 417 F.3d 268, 275 (2d Cir.2005) (internal quotation marks omitted). In light of the IJ's failure to consider the letter received by Ali's wife, we grant his petition for review with respect to his withholding of removal claim. We further note that several reports submitted by Ali as background evidence describe the difficulties faced by Ahmadis in Bangladesh. One by

Amnesty International, for example, notes that "the Ahmadiyya community in Bangladesh, about 100,000 in number, have been living in fear of attack, looting and killing since around October 2003 when the Anti–Ahmadi agitations began." Given that "[t]he BIA has repeatedly emphasized the importance of providing background evidence concerning general country conditions," *Diallo v. INS*, 232 F.3d 279, 288 (2d Cir.2000), the IJ should consider the relevance of these reports when evaluating Ali's claims of persecution on remand. *See Cao He Lin v. U.S. Dept. of Justice*, 428 F.3d 391, 403 (2d Cir.2005) ("While the IJ is entitled to consider [State Department] reports, she must also consider any contrary or countervailing evidence as well as the particular circumstances of the applicant's case." (internal quotation marks omitted)).

For the foregoing reasons, the petition for review is DENIED in part and GRANTED in part. The decision of the BIA is VACATED in part and REMANDED for further proceedings consistent with this order.